| Attorney or Party Name, Address, Telephone & Fax Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Prober & Raphael, A Law Corporation**<br>**Lee S. Raphael, Esq.,  BAR ID: 180030**<br>**Cassandra J. Richey, Esq.,  BAR ID: 155721**<br>**David F. Makkabi, Esq., BAR ID: 249825**<br>**20750 Ventura Boulevard, Suite 100**<br>**Woodland Hills, California 91364**<br>**Telephone # (818) 227-0100**<br>**Fax #  (818) 227-0101**<br>cmartin@pprlaw.net<br>☐ *Individual appearing without counsel*<br>☒ *Attorney for Movant* U.S. Bank, N.A. (F.040-1101) | **FILED & ENTERED**<br><br>**MAY 12 2010**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** walter     **DEPUTY CLERK** |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>THEODORE K. TUNG AKA THEODORE KO TIEN TUNG, AND LAMY H. TUNG AKA LA MY HUYNH TUNG DBA PINEAPPLE JOE'S HAWAIIAN BARBEQUE,  HUYNH & TUNG<br><br>Debtor(s). | CHAPTER: 7 |
|---|---|
| | CASE NO.:  2:09-bk-41355-ER |
| | DATE:    May 11, 2010<br>TIME:    10:00 a.m.<br>CTRM:   1568<br>FLOOR: 15 |

### ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT: U.S. BANK, N.A.)

1.   The Motion was:      ☐ Contested      ☒ Uncontested      ☐ Settled by Stipulation

2.   The Motion affects the following real property ("Property"):

> *Street Address*: **8331 Edgewood Street**
> *Apartment/Suite No.:*
> *City, State, Zip Code:* **Chino, California 91708**

Legal description or document recording number (including county of recording):

☒ See attached page.

3.   The Motion is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
      ☐ 11 U.S.C. § 362(d)(4)

4.   As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.   ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.   ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c.   ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.   ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(This Order is continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                                        **F 4001-10.RP**

| In re:<br>THEODORE K. TUNG AND LAMY H. TUNG<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.:  2:09-bk-41355-ER |
|---|---|

6. ☐ Movant shall not conduct a foreclosure sale before the following date *(specify)*:

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:

☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

☐ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-10-ER)*.

d. ☐ See attached continuation page for additional provisions.

###

DATED: May 12, 2010
_____
United States Bankruptcy Judge

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                         **F 4001-10.RP**

| | |
|---|---|
| In re:<br>THEODORE K. TUNG AND LAMY H. TUNG<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.:  2:09-bk-41355-ER |

## LEGAL DESCRIPTION

PARCEL NO. 1:

A CONDOMINIUM COMPRISED OF:

PARCEL A:

AN UNDIVIDED 1/15TH FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE
"COMMON AREA" AS SHOWN ON THE CONDOMINIUM PLAN FOR PHASE 3 OF MULBERRY AT THE
PRESERVE ("PHASE 3") CONSISTING OF A PORTION OF LOTS 2 AND 4 OF TRACT NO.
17390 IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 316, PAGES 55 THROUGH 59, INCLUSIVE, OF MAPS, OFFICIAL
RECORDS OF SAN BERNARDINO COUNTY, CALIFORNIA ("TRACT 17390"), WHICH
CONDOMINIUM PLAN WAS RECORDED OCTOBER 10, 2006 AS INSTRUMENT NO. 2006-687488,
OFFICIAL RECORDS OF SAN BERNARDINO COUNTY, CALIFORNIA (THE "CONDOMINIUM
PLAN").

PARCEL B:

UNIT NO. 43, OF PHASE 3, CONSISTING OF CERTAIN AIRSPACE AND SURFACE AND
SUBSURFACE ELEMENTS, AS SHOWN AND DESCRIBED IN THE CONDOMINIUM PLAN.

PARCEL C:

EXCLUSIVE EASEMENTS, APPURTENANT TO PARCEL A AND PARCEL B DESCRIBED ABOVE, FOR
ALL YARD PURPOSES (AS APPLICABLE), AND COURTYARD PURPOSES (AS APPLICABLE) OVER
A PORTION OF PHASE 3 AS DESCRIBED IN AND SHOWN ON THE CONDOMINIUM PLAN AND
DESCRIBED IN AND SUBJECT TO THE TERMS OF THE MAINTENANCE DECLARATION RECORDED
FEBRUARY 4, 2005 AS INSTRUMENT NO. 2005-87531 OF OFFICIAL RECORDS AND
MAINTENANCE AREA ADDITION NOTICE RECORDED OCTOBER 10, 2006 AS INSTRUMENT NO.
2006-687489 OF OFFICIAL RECORDS.

PARCEL D:

NONEXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT, UTILITIES,
ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS, AND FOR OTHER PURPOSES, ALL AS
DESCRIBED IN THE DECLARATION AND MAINTENANCE AREA ADDITION NOTICE.

PARCEL NO. 2

NONEXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, ENCROACHMENT, MAINTENANCE,
REPAIR, AND FOR OTHER PURPOSES, ALL AS MAY BE SHOWN ON THE MAP, AND AS
DESCRIBED IN THE COMMUNITY DECLARATION, THE AREA ADDITION NOTICE, THE
MAINTENANCE DECLARATION AND THE MAINTENANCE AREA ADDITION NOTICE.

EXCEPT ALL MINERALS, OIL, GAS, PETROLEUM, AND OTHER HYDROCARBON SUBSTANCES IN
OR UNDER OR WHICH MAY BE PRODUCED FROM SAID LAND WHICH UNDERLIES A PLANE
PARALLEL TO AND FIVE HUNDRED (500) FEET BELOW THE PRESENT SURFACE OF SAID
LAND, SUBJECT TO ALL PRIOR RESERVATIONS AND EXCEPTIONS OF RECORD.  SUCH
RESERVATION SPECIFICALLY RESERVES IN GRANTOR THE RIGHTS OF PROSPECTING,
EXPLORATION, DEVELOPMENT, PRODUCTION, EXTRACTION AND TAKING OF SAID MINERALS,
OIL, GAS, PETROLEUM, AND HYDROCARBON SUBSTANCES FROM SAID LAND BY MEANS OF
MINES, WELLS, DERRICKS, AND/OR OTHER EQUIPMENT FROM SURFACE LOCATIONS ON
ADJOINING OR NEIGHBORING LAND OR LYING OUTSIDE OF THE ABOVE-DESCRIBED LAND;

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009

F 4001-10.RP

| In re:<br>THEODORE K. TUNG AND LAMY H. TUNG<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.:  2:09-bk-41355-ER |
|---|---|

PROVIDED, HOWEVER, THAT THE OWNER OF SAID MINERALS, OIL, GAS, PETROLEUM, OTHER
HYDROCARBON SUBSTANCES, AND GEOTHERMAL ENERGY SOURCES, AS SET FORTH ABOVE,
SHALL HAVE NO RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR TO USE SAID
LAND OR ANY PORTION THEREOF ABOVE SAID PLANE PARALLEL TO AND FIVE HUNDRED
(500) FEET BELOW THE PRESENT SURFACE OF SAID LAND FOR ANY PURPOSE WHATSOEVER,
SUCH RESERVATION DOES NOT ENCOMPASS ANY WATER OR WATER RIGHTS APPURTENANT TO
THE LAND DESCRIBED ABOVE; IT IS THE INTENTION OF GRANTOR THAT ANY SUCH WATER
OR WATER RIGHTS ARE TO BE CONVEYED TO GRANTEE WITH THE LAND DESCRIBED ABOVE,
RESERVED BY THE M/E RHORS FAMILY L.P., A CALIFORNIA LIMITED PARTNERSHIP, IN
GRANT DEED RECORDED OCTOBER 27, 1999 AS INSTRUMENT NO. 99-447356, OFFICIAL
RECORDS.

ALSO, EXCEPTING THEREFROM ALL MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON
SUBSTANCES AND ALL UNDERGROUND WATER AND ALL GEOTHERMAL ENERGY SOURCES IN OR
UNDER OR WHICH MAY BE PRODUCED FROM SAID LAND WHICH UNDERLIES A PLANE PARALLEL
TO AND FIVE HUNDRED (500) FEET BELOW THE PRESENT SURFACE OF SAID LAND, SUBJECT
TO ALL PRIOR RESERVATIONS AND EXCEPTIONS OF RECORD.  SUCH RESERVATION
SPECIFICALLY RESERVES IN GRANTOR THE RIGHTS OF PROSPECTING, EXPLORATION,
DEVELOPMENT, PRODUCTION, EXTRACTION, AND TAKING OF SAID MINERALS, OIL, GAS,
PETROLEUM, HYDROCARBON SUBSTANCES, WATER, AND GEOTHERMAL ENERGY (AND/OR ITS
SOURCES) FROM THE LAND BY MEANS OF MINES, WELLS, DERRICKS, AND/OR OTHER
EQUIPMENT FROM SURFACE LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR LYING
OUTSIDE OF THE ABOVE-DESCRIBED LAND; PROVIDED, HOWEVER, THAT THE OWNER OF SUCH
MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES, WATER, AND
GEOTHERMAL ENERGY SOURCES, AS SET FORTH ABOVE, SHALL HAVE NO RIGHT TO ENTER
UPON THE SURFACE OF THE LAND NOR TO USE THE LAND OR ANY PORTION THEREOF ABOVE
SUCH PLANE PARALLEL TO AND FIVE HUNDRED (500) FEET BELOW THE PRESENT SURFACE
OF THE LAND FOR ANY PURPOSE WHATSOEVER, AS RESERVED BY CHINO DEVELOPMENT
CORPORATION, A CALIFORNIA CORPORATION, IN THE DEED RECORDED JULY 22, 2005 AS
INSTRUMENT NO. 2005-531279, OFFICIAL RECORDS.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                **F 4001-10.RP**

| In re:<br> THEODORE K. TUNG AND LAMY H. TUNG<br><br>Debtor(s). | CHAPTER: 7<br><br>CASE NO.:  2:09-bk-41355-ER |
| --- | --- |

### NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) Order on Motion for Relief from Stay (Real Property) was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner indicated below:

**I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (ANEF@)**  Β  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of 01/19/10, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

David L Hahn trustee@hahnfife.com, dhahn@ecf.epiqsystems.com
Peter L Lago pllago@msn.com
Ramesh Singh claims@recoverycorp.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
David F. Makkabi  cmartin@pprlaw.net

☐  Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Theodore K. Tung
Lamy H. Tung
1820 Apex Ave.
Los Angeles, CA 90026

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐  Service information continued on attached page

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*

**F 4001-10.RP**